Michael C. Donovan (CA SBN: 153855)
LAW OFFICES OF MICHAEL C. DONOVAN
4546 El Camino Real, Suite B-10, # 414
Los Altos, CA 94022
Telephone & Facsimile: 650-745-1190
E-Mail: mcd@legal-recoveries.com

Lead Trial Counsel for Plaintiff/Counterdefendant Lee J. Dorfman

John K. Schwartz (jschwartz@lockelord.com) (*pro hac vice*)
LOCKE LORD BISSELL & LIDDELL LLP
100 Congress Avenue, Suite 300
Austin, Texas 78701
Telephone: (512) 305-4700
Facsimile: (512) 305-4800

Todd L. Peterson (tpeterson@chernay.com) (CA Bar No. 142438)
Samuel M. Zaif (szaif@chernay.com) (CA Bar No. 116391)
CHERNAY | PETERSON
201 Mission Street, Suite 1310
San Francisco, CA 94105
Telephone: (415) 502-7025
Facsimile: (415) 502-7029

Attorneys For Defendants/Counterclaimants Richard Jackson, Druid Group, Inc.,
 d.b.a. Cypersecretaries, and Cs/Dorfman Operating Co.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LEE J. DORFMAN, individually and d.b.a. ADEPT OF SF, d.b.a. iDICTATE,**<br><br>              **Plaintiff,**<br><br>   v.<br><br>**RICHARD JACKSON, individually & d.b.a. CYBER SECRETARIES; DRUID GROUP, INC., d.b.a. CYBER SECRETARIES, d.b.a. YOU DICTATE, and DOES 1 to 100,**<br><br>              **Defendants.**<br>──────────────────────────<br>**AND RELATED CROSS ACTION(S)** | **USDC NO. C 05-01791 PJH**<br>(San Francisco Superior Court No. CGC-05-439650) & Related Case:<br>**USDC No. C 06-05290 PJH**<br><br>**JOINT MOTION FOR ENTRY OF AGREED FINAL ORDER RESOLVING AS SPECIFIED THEREIN ALL CLAIMS BY AND BETWEEN ALL PARTIES** |

**Joint Motion for Entry of Agreed Final Order**

*Dorfman vs. Jackson, et al. & Druid vs. Dorfman, et al.,*
USDC Case Nos. C 05-01791 PJH & C 06-05290 PJH

Page 1 of 3

1   Plaintiff Lee J. Dorfman, individually and d/b/a Adept of San Francisco d.b.a. iDictate and

2   Defendants Richard Jackson, Druid Group, Inc. and CS/Dorfman Operating Company (collectively

3   hereinafter "Parties") file this Joint Motion for Entry of Agreed Final Order and in support thereof

4   show the Court as follows:

5   1.      The Parties have settled the disputes between them as set forth in the attached Agreed

6   Final Order and now seek the Court's assistance in carrying out the terms of their agreement.

7   2.      In accordance with the settlement agreement between the Parties, the Parties request

8   this Court to enter the attached Agreed Final Order dissolving the Preliminary Injunction entered in

9   this matter and resolving, as specified in the attached Agreed Final Order, all claims by and between

10  them. The Parties further request that this Court order that the Parties each bear their own costs

11  incurred in this lawsuit.

Respectfully submitted,

12

13  LOCKE LORD BISSELL & LIDDELL LLP

14  By: _____

15  John K. Schwartz (jschwartz@lockelord.com)
    State Bar No. 17865325

16  100 Congress Avenue, Suite 300
    Austin, Texas 78701

17  Telephone:  (512) 305-4700
    Facsimile:  (512) 305-4800

18

19  THE CHERNAY LAW FIRM, L.L.C.

20

21  Todd L. Peterson (tpeterson@chernay.com)
    State Bar No. 142438

22  Samuel M. Zaif (szaif@chernay.com)
    State Bar No. 116391

23  201 Mission Street, Suite 1310
    San Francisco, CA  94105

24  Telephone: (415) 502-7025
    Facsimile: (415) 502-7029

25

26  ATTORNEYS FOR RICHARD JACKSON,
    DRUID GROUP, INC., d/b/a

27  CYPERSECRETARIES, and CS/DORFMAN
    OPERATING CO.

28

---

**Joint Motion for Entry of Agreed Final Order**

*Dorfman vs. Jackson, et al. & Druid vs. Dorfman, et al.,*
USDC Case Nos. C 05-01791 PJH & C 06-05290 PJH

Page 2 of 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF MICHAEL DONOVAN

By: _____
Michael C. Donovan
4546 El Camino Real, Suite B-10, # 414
Los Altos, CA  94022
Telephone & Facsimile:  650-745-1190
E-mail: mcd@legal-recoveries.com

ATTORNEYS FOR PLAINTIFF
LEE DORFMAN AND COUNTER-
DEFENDANTS LEE DORFMAN,
INDIVIDUALLY AND d.b.a. ADEPT OF SAN
FRANCISCO

---

**Joint Motion for Entry of Agreed Final Order**

_Dorfman vs. Jackson, et al._ & _Druid vs. Dorfman, et al._,
USDC Case Nos. C 05-01791 PJH & C 06-05290 PJH

Page 3 of 3

1
2
3
4
5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**(San Francisco Division)**

6
7
8

| | |
|---|---|
| **LEE DORFMAN,** | Case No. C05-01791 |
| **Plaintiff,** | (San Francisco Superior Court Case No. |
| | CGC-05-439650) |
| **v.** | & Related Case No. C06-05290 |
| **RICHARD JACKSON,** *et al.* | |
| **Defendants.** | |
| | AGREED FINAL ORDER |
| _____ | |
| **DRUID GROUP, INC.,** | (Resolving As Specified Herein All Claims Among and Between All Parties) |
| **Plaintiff,** | |
| **v.** | |
| **LEE DORFMAN,** *et al.* | |
| **Defendants** | Presiding:  Hon. Phyllis J. Hamilton, United States District Judge |
| **AND RELATED CROSS-ACTION(S)** | |

9
10
11
12
13
14
15
16
17
18
19
20
21
22

**Michael C. Donovan** (SBN:  153855)
LAW OFFICES OF MICHAEL DONOVAN
4546 El Camino Real
Suite B-10, # 414
Los Altos, CA  94022
Telephone & Facsimile:  650-745-1190
E-mail:  mcd@legal-recoveries.com

Attorneys for Plaintiff Lee Dorfman and
Defendants and Counterdefendants
Lee Dorfman and Adept of San Francisco

**John K. Schwartz** (*pro hac vice*)
LOCKE LORD BISSELL & LIDDELL LLP
100 Congress Avenue, Suite 300
Austin, Texas 78701
Telephone: (512) 305-4700
Facsimile: (512) 305-4800
Email:  jschwartz@lockelord.com

Attorneys for Richard Jackson, Druid
Group, Inc., and CS/Dorfman Operating
Company

23
24
25
26
27
28

**AGREED FINAL ORDER**

*Dorfman vs. Jackson, et al.* & *Druid vs. Dorfman, et al.,*
Case Nos.:  C 05-01791 & C 06-05290 (N.D. Cal)                    Page **1** of **14** pages

### RECITALS:

1.      On or about June 21, 1999 Druid and Dorfman entered into an agreement entitled "Joint Venture Agreement Between Adept of San Francisco and Druid Group, Inc. dba Cyber Secretaries" ("the **Agreement**") concerning the marketing and delivery of telephonic dictation transcription services.

2.      As a result of the Agreement, Dorfman set up a dictation service under the brand name iDictate which was marketed, *inter alia*, by means of a website.  The iDictate service utilized a toll-free telephone number 877-DICTATE to provide dictation services to clients.  The transcriptions and other back-end functions were provided by Druid.  As contemplated by the Agreement, Druid continued to market and to provide dictation services under its own proprietary brand names.

3.      The parties later amended the Agreement by a written addendum dated February 16, 2000 ("the **Addendum**").   The **Agreement** and **Amendment** are referred to collectively herein as "the **JVA**."

4.      On March 21, 2005, Dorfman filed suit against Druid and Jackson (hereinafter: "**Defendants**") in the California Superior Court of the City and County of San Francisco arising from the **JVA** (the *"Dorfman action"*).  In that action, Dorfman asserted a breach of contract claim as well as tort claims for fraud, unfair competition, and intentional interference with advantageous business arrangements.

5.      On or about April 20, 2005 **Dorfman** obtained a Preliminary Injunction in the *Dorfman action*.

6.      The *Dorfman action* was later removed to the United States District Court for the Northern District of California and then was transferred to the United States District Court for the District of Montana.  The *Dorfman action* was then transferred back to the United States District Court for the Northern District of California on August 15, 2006.

7.      On or about April 14, 2005, CS/Dorfman filed an action in the United States District Court for the District of Montana styled *CS/Dorfman Operating Company v. Dorfman*,

**AGREED FINAL ORDER**

*Dorfman vs. Jackson, et al.* & *Druid vs. Dorfman, et al.*,
Case Nos.:  C 05-01791 & C 06-05290 (N.D. Cal)          Page **2** of **14 pages**

Case No. CV-05-53-M (the "*CS/Dorfman action*") which was later transferred to the United States District Court for the Northern District of California before being dismissed.

8.     On April 19, 2005, **Druid** filed an action in the United States District Court for the Northern District of Texas styled *Druid Group, Inc. v. Dorfman*, Case No. 3-05CV-0762M (the "*Druid action*"). The *Druid action* was transferred to this Court for the Northern District on August 22, 2006. Following this transfer, **Dorfman** filed a counterclaim asserting various causes of action.

///

**NOW, THEREFORE, THE PARTIES TO THIS AGREED FINAL ORDER AGREE, AND THE COURT HEREBY FINDS, ORDERS, AND DECREES, AS FOLLOWS**:

## I.
## JURISDICTION

This Court has original subject matter jurisdiction over these matters pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds the statutory threshold amount. The Court has personal jurisdiction over all the parties hereto.

## II.
## PARTIES

**A.**     Plaintiff: For purposes of this Agreed Final Order, Lee J. Dorfman, individually and Lee J. Dorfman, d.b.a. Adept of San Francisco are referred to as the parties plaintiff hereto. Hereinafter, they are collectively referred to as Plaintiff.

**B.**     Defendants: For purposes of this Agreed Final Order, Richard Jackson, Druid Group, Inc., and CS/Dorfman Operating Company are referred to as the parties defendant hereto. Defendants Druid Group, Inc., CS/Dorfman Operating Company, and Richard Jackson are collectively referred to as Defendants.

## III.
## DECLARATION OF GOALS AND PURPOSES

A.     The parties hereto enter into this Agreed Final Order and Final Judgment and

**AGREED FINAL ORDER**

*Dorfman vs. Jackson, et al.* & *Druid vs. Dorfman, et al.,*
Case Nos.:  C 05-01791 & C 06-05290 (N.D. Cal)          Page **3** of **14** pages

jointly submit it to the Court for review and entry with express desire and intention to settle all disputes between them, and to resolve as set forth herein all potential and outstanding claims, actions and causes of action between them, including without limit, those contained in the *Dorfman action*, the *CS/Dorfman action* and the *Druid action* to avoid the costs and risks of litigation.

B.     The parties hereto further desire to terminate the **JVA** and sever and terminate all business relationships between them under or related to the **JVA**.

C.     The parties desire to provide full ownership and sole control of the iDictate telephone number to Plaintiff.

D.     Finally, the parties hereto desire to terminate in its entirety the Preliminary Injunction issued herein as of the effective date of this Agreed Final Order.

## IV.
## SETTLEMENT AGREEMENT

The parties reached a settlement agreement during mediation on October 23, 2007 that contemplated additional formal documentation.  However, a dispute arose between the parties regarding the content of the formal documentation and how certain obligations should be classified.  The parties have "ratified" an agreed-upon transcript of the Court's audio recording of the mediated settlement agreement (the "Settlement Agreement") that was put on the Record at the conclusion of the October 23, 2007 settlement conference; a true and correct copy of which is attached hereto as Attachment "A" and incorporated herein by reference.  Accordingly, the parties agree, and the Court hereby adjudges and decrees that the Settlement Agreement, to the extent that it is not inconsistent with, or otherwise does not alter or amend, any of the provisions of  this Agreed Final Order, shall serve as the final and binding documentation of the settlement of these actions.  In the event of conflict between the provisions of the Settlement Agreement and this Final Agreed Order, the provisions of this Agreed Final Order shall control, unaffected by any contrary or conflicting provisions of the Settlement Agreement.

///

///

**AGREED FINAL ORDER**

*Dorfman vs. Jackson, et al.* & *Druid vs. Dorfman, et al.,*
Case Nos.:  C 05-01791 & C 06-05290 (N.D. Cal)          Page **4** of **14 pages**

# V.
# RESERVATION OF ALL RIGHTS, CLAIMS AND DEFENSES REGARDING THE LIABILITY, IF ANY, OF DEFENDANT RICHARD JACKSON

A.   **Settlement Efforts of the Parties.**  Despite the best efforts of the parties to fully and finally settle all matters in dispute between them herein, the parties reached impasse on (among other things) the matter of the liabilities or obligations, if any, of Defendant Richard Jackson to make any or all of the settlement payments or perform any or all of the commitments of the settling defendants set forth in the Settlement Agreement or in this Agreed Final Order. Notwithstanding this impasse, the parties believe that there is a substantial probability that all matters between them at issue herein can be resolved by the timely compliance by all parties with the provisions of this Agreed Final Order without need to ever address the question of the liabilities or obligations, if any, of Defendant Richard Jackson to make any or all of the settlement payments or perform any or all of the commitments of the settling defendants set forth in the Settlement Agreement or in this Agreed Final Order.

B.   **Reservation of Rights, Claims and Defenses.**  Accordingly, notwithstanding any other provisions of the Settlement Agreement, Plaintiff reserves all of his rights, claims, defenses, and causes of action relating to the alleged obligation(s) or liability(ies) of Defendant Richard Jackson to make any or all of the settlement payments or perform any or all of the commitments of the settling defendants set forth in the Settlement Agreement or in this Agreed Final Order.  To the same effect, each Defendant herein, specifically including Defendant Richard Jackson, reserves all rights, remedies, and defenses, and causes of action relating to the alleged obligation(s) or liability(ies) of Defendant Richard Jackson to make any or all of the settlement payments or perform any or all of the commitments of the settling defendants set forth in the Settlement Agreement or in this Agreed Final Order.

# VI.
# COMMITMENTS OF THE SETTLING PARTIES

A.   **Settlement Consideration.**  Druid Group, Inc. shall pay the Plaintiff **Five hundred forty thousand dollars ($540,000)** as and for all of Plaintiff's recoverable damages

**AGREED FINAL ORDER**

*Dorfman vs. Jackson, et al.* & *Druid vs. Dorfman, et al.,*
Case Nos.:  C 05-01791 & C 06-05290 (N.D. Cal)                    Page **5** of **14** pages

injuries, costs, attorneys' fees, expert witness fees and expenses of any kind; **ninety thousand dollars ($90,000) of which Plaintiff acknowledges as already paid by Druid Group, Inc. and received by Plaintiff.**  Druid Group, Inc. shall make consecutive monthly payments in the amount of Thirty Thousand Dollars ($30,000.00) to Plaintiff on or before the first day of each month until the entire amount shall have been paid in full.  Any payment required by the this Paragraph VI.A not received by Plaintiff by the close of business Central Standard Time of the **second banking day following** the first day of the month that such payment was due shall be delinquent.

       **B.**      **Return of Plaintiff's Toll Free Telephone Number.**  Druid Group, Inc. (specifically including Druid Group, Inc. d.b.a. CyberSecretaries) and CS/Dorfman Operating Company timely shall provide Plaintiff with all cooperation, assistance and support reasonably necessary to secure return to Plaintiff of "ownership," title to, and sole custody and control over the iDictate telephone number 877-DICTATE (877-342-8283) (the "Telephone Number") and the transfer of the custody of that telephone number to Sprint, c/o Dorfman's account # 470521084.  As part of their obligations under this Paragraph IV.B, Druid Group, Inc. and/or CS/Dorfman Operating Company shall execute and return to Plaintiff forthwith any documents that  may properly be required to be executed in order to accomplish the objectives of this Paragraph VI.B.

**VII.**
**DISSOLUTION OF PRELIMINARY INJUNCTION**

       Effective immediately upon entry of this Agreed Final Order, the Preliminary Injunction previously entered herein shall be dissolved in its entirety, and shall have, and shall be of, no further force and effect.

**VIII.**
**TERMINATION OF THE JVA**

       The **JVA** is terminated in all respects, including any and all claimed or purported modifications or additional provisions, and shall be of no further force or effect.  No covenant, condition, undertaking, warranty or representation contained or referenced in, or implied by, the

**AGREED FINAL ORDER**

*Dorfman vs. Jackson, et al.* & *Druid vs. Dorfman, et al.,*
Case Nos.:  C 05-01791 & C 06-05290 (N.D. Cal)      Page **6** of **14** pages

**JVA**, including any claimed or purported prior, contemporaneous or subsequent oral agreements or modifications related thereto, shall have any force or effect.

## IX.
## NOTICES AND COMMUNICATION

**A.**   **Original Contact Details:**   Any notice or communication between one Settling Party to another Settling Party arising out of or relating to matters addressed in this Agreed Final Order shall be given or communicated by addressing the notice or communication as follows:

For Plaintiffs:       MICHAEL C. DONOVAN (SBN:  153855)
LAW OFFICES OF MICHAEL DONOVAN
4546 El Camino Real
Suite B-10, # 414
Los Altos, CA  94022
Telephone & Facsimile:  650-745-1190
E-mail:  mcd@legal-recoveries.com

For Defendants:     John K. Schwartz
B. David L. Foster
LOCKE LORD BISSELL & LIDDELL LLP
100 Congress Avenue, Suite 300
Austin, Texas 78701
Telephone: (512) 305-4700
Facsimile: (512) 305-4800
Email:  jschwartz@lockelord.com
dfoster@lockelord.com

Todd L. Peterson (SBN 142438)
Samuel M. Zaif (SBN 116391)
CHERNAY | PETERSON
201 Mission Street, Suite 1310
San Francisco, CA 94105
Telephone: (415) 512-7025

Email:  SZaif@chernaylaw.com

**B.**   **Change of Contact Details:**  In the event any party to this Agreed Final Order makes any change to their counsel of record, or any counsel of record herein changes their contact details as set forth in this Paragraph IX, the party or counsel  shall file written notice of the change with the Clerk of this Court, and give notice of the change or changes to all parties to

**AGREED FINAL ORDER**

*Dorfman vs. Jackson, et al.* & *Druid vs. Dorfman, et al.,*
Case Nos.:  C 05-01791 & C 06-05290 (N.D. Cal)                    Page **7** of **14** pages

this Agreed Final Order by E-mail and regular U.S. Mail at the addresses set forth above, as they may have been properly amended pursuant to this Paragraph IX.B.

## X.
## MUTUAL RELEASES AND COVENANTS NOT TO SUE

**By Plaintiff:** Except as provided in Paragraph V, Plaintiff, on his own behalf and on behalf of his agents, and assigns, hereby forever releases, discharges, acquits and covenants not to sue **Defendants and each of them,** and each of their agents, representatives, employees, directors, officers, principals, attorneys, assigns, parents, affiliates, subsidiaries, successors and insurers (the "**Defendant** Releasees"), from any and all claims, demands, actions, causes of action, obligations and liabilities of any kind or nature whatsoever which he may have or claim to have, whether known or unknown, that arise from, are alleged in or relate to the **JVA**, its formation, execution, performance and termination.  The foregoing release and covenant not to sue includes, but is in no way limited to, any claim under any theory of recovery or liability whatsoever which arises out of or is in any manner whatsoever, directly or indirectly connected with or related to the **JVA** or any injuries or damages suffered as a result of or arising from any act, conduct, statements or occurrence by the parties hereto and each of their agents, representatives, employees, directors, officers, principals, attorneys, assigns, parents, affiliates, subsidiaries, successors and insurers in connection with the **JVA** or the activities of the parties and **Defendant** Releasees in connection therewith.  The foregoing release and covenant not to sue includes, but is in no way limited to, all claims or causes of action which were or could have been asserted in the *Dorfman* action, the *CS/Dorfman* action and/or the *Druid* action, including any statements or representations made therein or connected thereto.  The foregoing release and covenant not to sue expressly does **not** include any claims arising from the provisions of this Agreed Final Order.

     A.    **By Defendants:**     Except as provided in Paragraph V, for and in consideration of the covenants and undertakings referenced herein, sufficiency of which is hereby acknowledged, **Defendants and each of them,** on their own behalf and on behalf of their agents, and assigns,  hereby forever releases, discharges, acquits and covenants not to sue Plaintiff and

---

**AGREED FINAL ORDER**

*Dorfman vs. Jackson, et al.* & *Druid vs. Dorfman, et al.,*
Case Nos.:  C 05-01791 & C 06-05290 (N.D. Cal)       Page **8** of **14** pages

each of his agents, representatives, employees, directors, officers, principals, attorneys, assigns, parents, affiliates, subsidiaries, successors. ("the **Plaintiff Releasees**"), from any and all claims, demands, actions, causes of action, obligations and liabilities of any kind or nature whatsoever which they may have or claim to have, whether known or unknown, that arise from, are alleged in, or relate to the **JVA**, its formation, execution, performance and termination.  The foregoing release and covenant not to sue includes, but is in no way limited to, any claim under any theory of recovery or liability whatsoever which arises out of or is in any manner whatsoever, directly or indirectly connected with or related to the **JVA** or any injuries or damages suffered as a result of or arising from any act, conduct, statements or occurrence by the parties hereto and each of their agents, representatives, employees, directors, officers, principals, attorneys, assigns, parents, affiliates, subsidiaries, successors and insurers in connection with the **JVA** or the activities of the parties and **Plaintiff Releasees** in connection therewith. The foregoing release and covenant not to sue includes, but is in no way limited to, all claims or causes of action which were or could have been asserted in the *Dorfman action*, the *CS/Dorfman action* and/or the *Druid action*, including any statements or representations made therein or connected thereto. The foregoing release and covenant not to sue expressly does **not** include any claims arising from the provisions of this Agreed Final Order.

## XI.
## ACKNOWLEDGMENTS, REPRESENTATIONS & WARRANTIES

A.   **California Civil Code Sec. 1542.**    The Parties affirm that they are not relying upon and have not relied upon any representation or statement made by any other party with regard to their rights or asserted rights.  Each and every party to this Agreed Final Order hereby assumes the risk of all mistakes of fact with regard to said controversies and with regard to all facts which are now unknown to them relating thereto.  All rights under California Civil Code Section 1542 are hereby expressly waived.  Section 1542 of the California Civil Code provides as follows:

////

**AGREED FINAL ORDER**

*Dorfman vs. Jackson, et al.* & *Druid vs. Dorfman, et al.,*
Case Nos.:  C 05-01791 & C 06-05290 (N.D. Cal)          Page **9** of **14** pages

**§ 1542.** A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

B.    **Authority of Counterparts.** This Agreed Final Order may be executed by any of the Parties to it in one or more counterparts, each of which shall be deemed an original, but all of which together will constitute one agreement.

C.    **Authority of Signators.**       Each person and entity executing this Agreed Final Order on behalf of any other person or entity does hereby personally represent and warrant to the other parties that he had the authority to execute this Agreed Final Order on behalf of, and fully bind, such purported principal.

D.    **Entirety of Parties Agreement.**       This Agreed Final Order, including the Settlement Agreement attached hereto as Exhibit A, contains the entire agreement between the parties relating to the transactions contemplated hereby and all prior or contemporaneous agreements, understandings, representations and statements, oral or written, are merged into this Agreed Final Order.

E.    **Modifications, Waivers & Discharge.**       No modification, waiver or discharge of this Agreed Final Order will be valid unless it is in writing and signed by the party against which the enforcement of the modification, waiver or discharge is or may be sought.

F.    **Effect of Headings.**    The descriptive headings of the several sections and paragraphs contained in this Agreed Final Order are inserted for convenience only and shall not control or affect the meaning of or construction of any of the provisions hereof.

G.    **Reflective of the Parties' Intent.**       The parties represent and declare that they have carefully read this Agreed Final Order prior to their execution of it and its submission to the Court, and know the contents thereof, that they have been advised by legal counsel of their choice, that they executed this Agreed Final Order freely, that it is their intention to be bound by its terms, and that in executing this Agreed Final Order they rely solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own

**AGREED FINAL ORDER**

*Dorfman vs. Jackson, et al.* & *Druid vs. Dorfman, et al.,*
Case Nos.:  C 05-01791 & C 06-05290 (N.D. Cal)          Page **10** of **14** pages

independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof, and that they have not been influenced to any extent whatsoever in executing this Agreed Final Order by any representations, statements or omissions pertaining to any of the foregoing matters by any party or by any persons representing any party to this Agreed Final Order.

H.   **All Parties _in Pari Materia_.**   All parties acknowledge that the terms of this Agreed Final Order were reached between them and their counsel and counsel for the other parties.  Because the parties hereto have each reviewed the terms of this Agreed Final Order prior to their execution of it and its submission to the Court, and have relied on the advice of their respective attorneys as to its terms and provisions, the usual rule that the provisions of a document are to be construed against the drafter does not apply to the interpretation of any of the provisions hereof.

I.   **No Restriction of Plaintiff's Ability to Assign.**     No provision of this Agreed Final Order, is intended to, shall, or shall be construed to, limit or restrict in any way the right and ability of Plaintiff to sell, assign, convey, or pledge his rights to receive and collect any of the amounts that are, may be, or may become due to him pursuant to this Agreed Final Order.

J.   **Attorney Fees and Litigation Costs.**      Should any party to this Agreed Final Order reasonably retain counsel for the purpose of enforcing the Settlement Agreement or the Agreed Final Order, or retain counsel for the purpose of defending an action brought to enforce the Settlement Agreement or the Agreed Final Order, then, if said matter is settled by judicial determination (which term includes arbitration), the prevailing party or parties (whether at trial or on appeal) shall be entitled, in addition to such other relief as may be granted, to be reimbursed by the losing party or parties for any reasonable and necessary costs and expenses incurred thereby, including but not limited to reasonable attorneys' fees and costs for the services rendered to such prevailing party.

## XII.
## NO ADMISSION OF LIABILITY

The parties hereto further warrant, represent and agree that in executing this Agreed Final

**AGREED FINAL ORDER**

_Dorfman vs. Jackson, et al._ & _Druid vs. Dorfman, et al.,_
Case Nos.:  C 05-01791 & C 06-05290 (N.D. Cal)          Page **11** of **14** pages

Order and submitting it to this Court, and in making payment of the sums referenced herein, each party does so with full knowledge of any and all rights which they may have with respect to the controversies herein compromised and that they have received independent legal advice from their attorneys with regard to the facts relating to said controversies and with respect to the rights and asserted rights arising out of said facts.  In this regard, each party understands, acknowledges and agrees that payments or undertakings referenced herein are not an admission of liability on the part of any of them, but to the contrary, represents a compromise of asserted claims which are contested, disputed and denied.

## XIII.
## TERMINATION

A.     **Motion for Termination.**     At any time after the payment obligations under Section IV of this Agreed Final Order have been satisfied in full, **Defendants** may, by noticed motion, served via E-mail and by regular U.S. mail on Plaintiff at the address set forth in or pursuant to Section IX of this Agreed Final Order, move this Court for an Order terminating this Agreed Final Order.  This Agreed Final Order shall terminate Twenty (20) days following filing of Defendants' motion, unless Plaintiff earlier files and serves an objection to such termination by a verified pleading asserting:   **(i)** that a payment to Plaintiff required by Section IV of this Agreed Final Order has not been made as or when required, and Plaintiff is seeking relief with respect thereto; **(ii)** that reasonable cooperation, support and assistance to Plaintiff as required by Paragraphs VI.B of this Agreed Final Order has not been made; or **(iii)** that there is pending before the Court any motion or proceeding involving any contested issues arising under this Agreed Order.  In the event Plaintiff files and serves a compliant objection to Defendants' motion for termination of this Order, Defendants are entitled to an Order terminating this Agreed Final Order & Final Judgment unless at a date and time scheduled by the Court Plaintiff establishes by a preponderance of the evidence that either:  **(1)** all of the payments required to be made by Paragraph VI.A of this Agreed Final Order have not been made as or when required, and Plaintiff is seeking relief with respect thereto; **(2)** Druid Group, Inc. and CS/Dorfman

**AGREED FINAL ORDER**

*Dorfman vs. Jackson, et al.* & *Druid vs. Dorfman, et al.,*
Case Nos.:  C 05-01791 & C 06-05290 (N.D. Cal)          Page **12** of **14** pages

1  Operating Company failed to provide the reasonable cooperation, support and assistance as

2  required by Paragraphs IV.B of this Agreed Final Order, and that such cooperation, support and

3  assistance is still required to accomplish the objectives of that Paragraph, or (3) there is pending

4  before the Court a contested issue arising under this Agreed Order.  In the event that Plaintiff

5  establishes the existence of the conditions set forth in, and his entitlement to relief under, either

6  or both subparagraphs (1) or (2) of this Paragraph XIII.A, Plaintiff shall be entitled to Order

7  compelling Druid Group, Inc. to make, as appropriate, the required payments forthwith, or timely

8  provide the required cooperation, assistance or support, or both, and awarding such further relief

9  as the Court deems just and proper.

10      **B.**    **Effect of Termination.**      Termination of this Agreed Final Order shall fully

11  and finally conclude any continuing obligations of the Settling Parties with respect to any subject

12  matter addressed by this Agreed Final Order.

13                            **XIV.**

14                   **EFFECTIVE DATE**

15      This Agreed Final Order shall be effective upon entry by the Court.

16      **IN WITNESS WHEREOF, THE UNDERSIGNED PARTIES ENTER INTO THIS**

17  **AGREED FINAL ORDER AND SUBMIT IT TO THE COURT FOR ITS APPROVAL:**

18

19  DATED:                    **DRUID GROUP, INC.**

20

21                       By:                                                              
                                     Richard Jackson

22

23

24  DATED:                    **RICHARD JACKSON**

25

26                                           
Richard Jackson

27                    **LOCKE LORD BISSELL & LIDDELL LLP**

28

---

**AGREED FINAL ORDER**

*Dorfman vs. Jackson, et al.* & *Druid vs. Dorfman, et al.*, Case
Nos.: C 05-01791 & C 06-05290 (N.D. Cal.) (Hamilton, J.)        Page 13 of 14 pages

1  DATED: *AUG. 4, 2008*  By:  _John K Schwartz w/permission BDf_
2                                 PK SB# 210345005
3                                 Attorneys for DRUID GROUP, INC.
                                   and RICHARD JACKSON
4

5                                 **LEE J. DORFMAN**
6

7  DATED:          By:  _____
8                                 Lee J. Dorfman
9

10                                **LAW OFFICES OF MICHAEL C. DONOVAN**
11

12

13  DATED:          By:  _____
                                  Michael C. Donovan
14                                Attorneys for Plaintiff and Counterdefendant LEE J.
                                  DORFMAN
15

16

17                             **FINAL ORDER**

18      The Clerk is hereby directed to enter judgment consistent herewith.  Each party is to bear

19  his/its own Costs.

20      **IT IS SO ORDERED.**

21

22  **THIS ____ DAY OF _____, 2008**

23  _____

24  _____

25                                 **The Honorable Phyllis Hamilton**
                                   **United States District Judge**
26

27

28

_____

AGREED FINAL ORDER

*Dorfman vs. Jackson, et al.* & *Druid vs. Dorfman, et al.*, Case
Nos.: C 05-01791 & C 06-05290 (N.D. Cal.) (Hamilton, J.)          Page 14 of 14 pages

AUS: 0023907.00002: 400135v2

1

2                                 **LOCKE LORD BISSELL & LIDDELL LLP**

3

4  DATED:                 By:    _____

5                                      Attorneys for DRUID GROUP, INC.
                                      and RICHARD JACKSON

6

7

8                                  **LEE J. DORFMAN**

9

10  DATED: *8-4-08*     By:    _____
                                    Lee J. Dorfman

11

12

13                              **LAW OFFICES OF MICHAEL C. DONOVAN**

14

15  DATED *August 4, 2008*  By:  _____
                                    Michael C. Donovan

16                                  Attorneys for Plaintiff and Counterdefendant LEE J.
                                DORFMAN

17

18

19                                **FINAL ORDER**

20             The Clerk is hereby directed to enter judgment consistent herewith.  Each party is to bear

21  his/its own Costs.

22      **IT IS SO ORDERED.**

23

24  **THIS** ___12th___ **DAY OF** ___September___, **2008**

25     _____

26                             IT IS SO ORDERED

27

28                               Judge Phyllis J. Hamilton

AGREED FINAL ORDER

*Dorfman vs. Jackson, et al. & Druid vs. Dorfman, et al.*, Case
Nos.: C 05-01791 & C 06-05290 (N.D. Cal.) (Hamilton, J.)         Page 4 of 4 pages

AUS: 0023907.00002: 400135v2

# EXHIBIT  "A"

# RATIFIED, AGREED TRANSCRIPT OF COURT'S AUDIO RECORDING OF SETTLEMENT PUT ON THE RECORD BEFORE HON. BERNARD ZIMMERMAN AT THE CONCLUSION OF SETTLEMENT CONFERENCE BETWEEN THE PARTIES ON OCTOBER 23, 2007

**EXHIBIT "A"**
**TO**
**AGREED FINAL ORDER**
*Dorfman vs. Jackson, et al. & Druid vs. Dorfman, et al.,*
Case Nos.:  C 05-01791 & C 06-05290 (N.D. Cal)

1

2

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

3

4

5

6    **LEE J. DORFMAN, individually and dba**
     **ADEPTS OF SF, dba iDICTATE,**

7

8                **Plaintiff,**

9                **v.**

10   **RICHARD JACKSON, individually & dba**
     **CYBER SECRETARIES; DRUID GROUP,**

11   **INC., dba CYBER SECRETARIES, dba**
     **YOU DICTATE, and DOES 1 to 100,**

12

13               **Defendants.**

14   _____

     **DRUID GROUP, INC.,**

15

16               **Plaintiff,**

17               **v.**

18   **LEE   DORFMAN,   individually   and   dba**
     **Adept of San Francisco**

19

20               **Defendants.**

21   _____

22   **AND RELATED CROSS ACTION(S)**

23

24

**USDC NO. C 05-01791 PJH**
(San Francisco Superior Court No.CGC-05-439650)  & Related Case:
**USDC No. C 06-05290 PJH**


**PARTIES' AGREED TRANSCRIPT OF**
**COURT'S RECORDING FROM OCTOBER**
**23, 2007 SETTLEMENT CONFERENCE**
**BEFORE THE HON. BERNARD**
**ZIMMERMAN**

25

26

27

28

**Parties' Transcript of Court's Recording from October 23, 2007 Settlement Conference**
**Before the Hon. Bernard Zimmerman**

**Page 1 of 12**

| | |
|---|---|
| Michael C. Donovan  (SBN:  153855)<br>LAW OFFICES OF MICHAEL C. DONOVAN<br>4546 El Camino Real<br>Suite B-10 #414<br>Los Altos, CA  94022<br>Telephone & Facsimile:  (650) 745-1190<br>E-mail:  legal_recoveries@sprynet.com<br><br>**Counsel for Plaintiff** | John K. Schwartz, Esq.<br>B. David L. Foster, Esq.<br>LOCKE LORD BISSELL & LIDDEL, LLP<br>100 Congress Avenue<br>Suite 300<br>Austin, Texas  78701-2748<br>Telephone:  (512) 305-4806<br>Facsimile:  (512) 305-4800<br>E-Mail:  jschwartz@lockelord.com<br>dfoster@lockelord.com<br><br>Todd L. Peterson  (SBN:  142438)<br>Samuel M. Zaif  (SBN:  116391)<br>DRYDEN, MARGOLES, SCHIMANECK & WERTZ<br>A Law Corporation<br>101 California Street, Suite 2050<br>San Francisco, CA  94111<br>Telephone:  (415) 362-6715<br>Facsimile: (415) 362-0638<br>E-mail:  tlpeterson@drydenlaw.com<br>smzaif@drydenlaw.com<br><br>**Counsel for Defendant(s)** |

**Judge Zimmerman**:  Two consolidated, have these actually been consolidated?

**Mr. Zaif:**  No, No.

**Judge Zimmerman**:  Two cases, Dorfman versus Jackson which is C5-1791 and Druid versus Dorfman which is C6-5290.  Both of them are Judge Hamilton's cases.  We've had settlement discussions all morning, we have reached a settlement and before I put the essential terms on the record let's take appearances.  So, let's start with counsel for Mr. Dorfman.

**Mr. Donovan**:  Good afternoon Your Honor, this is Michael Donovan on behalf of the Plaintiff, Lee Dorfman.

**Judge Zimmerman**:  And, also he's the plaintiff in 1791 and…

**Mr. Donovan**:  and, the Defendant with his dba Adept of San Francisco in the companion case.

**Judge Zimmerman:**  You represent all of these parties?

**Mr**. **Donovan**:  Yes, Sir.

1   **Judge Zimmerman**:  Now, let's go over to this side.

2   **Mr. Zaif**:  Good afternoon, Your Honor, Sam Zaif, representing Druid and Richard Jackson in the

3   related cases.

4   **Judge Zimmerman:**  Alright now Mr. Dorfman, why don't you identify yourself.

5   **Mr. Lee Dorfman**:  Lee Dorfman, plaintiff in the matter.

6   **Judge Zimmerman:**  Now what is your position with I think it's Adept, is it?

7   **Mr. Lee Dorfman**:  I'm the principal of Adept.

8   **Judge Zimmerman:**  Okay, you have authority to settle this case on behalf of Adept?

9   **Mr. Lee Dorfman:**  Yes, I do.

10  **Judge Zimmerman:**  Mr. Jackson, would you identify yourself?

11  **Richard Jackson:**  Richard Jackson here individually and on behalf of Druid Group.

12  **Judge Zimmerman:**  Now, also sued are Cyber Secretaries and YouDictate, and you are also the

13  principal of those companies?

14  **Mr. Jackson**:  No, I think those are DBA's

15  **Judge Zimmerman**:  Oh, those are DBA's.

16  **Mr. Jackson:**  DBA's or something, I'm just here on behalf of myself and Druid Group.

17  **Judge Zimmerman:**  And you have the authority to settle this case on behalf of Druid Group?

18  **Mr. Jackson:**  Yes

19  **Judge Zimmerman:**  Now, the terms of the settlement are as follows.  One term is that the

20  relationship between the parties which is embodied in the agreement signed in 2000; I think it was

21  February …sorry … June 21, 1999.  Then there's an addendum which was signed, it looks like,

22  February, 16, 2000.  That relationship will be severed prospectively.  And to do that, Druid and/or

23  Mr. Jackson will route existing iDictate customers to the iDictate telephone line so they can arrange

24  for transcription services.  The financial term is that Druid and/or Jackson will pay to Dorfman the

25  sum of $30,000 a month over an 18 month period and I would expect that the first payment will be

26  made at the time the settlement papers are executed, and we'll talk about more of that in a moment.

27  So, there will be a total payout over the life of the agreement of $540,000.  In return there will be a

28  dismissal of both lawsuits, mutual releases exchanged of all claims.  I would suggest that this be

---

**Parties' Transcript of Court's Recording from October 23, 2007 Settlement Conference**
**Before the Hon. Bernard Zimmerman**

**Page 3 of 12**

global release because the intendment is to resolve all aspects of the relationship as it exists up to the time the case is settled so that in effect going forward there should be no future relationship or claims between the parties.  In other words everything is going to be settled whether it's known or unknown, whether it's been asserted or hasn't been asserted.  That's my understanding of the essential terms of the settlement.  As far as the logistics are concerned, there will probably take a little bit of time to prepare whatever document is needed to in effect sever the relationship; I could be wrong.  Who will be drafting, we'll need that document and then we will also need some documents containing the mutual releases and the usual kind of settlement language.  Who's going to draft one?

**Mr. Donovan**:  May it please the court, one issue on the form of settlement, I would like to have the form of the settlement to be an agreed order or a stipulated order forming who needs the releases, exchanges and all of the terms and conditions, because of the ongoing payments and because we have existing injunctive relief in this case; if we can use an agreed order format, rather than a private settlement agreement format.

**Judge Zimmerman:**  Well, what I think is really necessary is simply that the court maintain jurisdiction…

**Mr. Donovan**:  to enforce the settlement.

**Judge Zimmerman:**  Let me say this, I can't commit Judge Hamilton to retaining jurisdiction for 18 months.  But there's this solution, if for some reason she doesn't want to keep the case open on her books, you can stipulate to my jurisdiction.  The case then will then be re-assigned to me and I'll retain jurisdiction for 18 months.

**Mr. Lee Dorfman**:  I actually would prefer that.

**Mr. Zaif:**  We don't foresee any problems, but we don't want …..

**Judge Zimmerman:**  I'm just offering it as an option.  I'm willing …...... some judges, most judges will retain jurisdiction for a period of like a year or 18 months, but some are concerned about it.  But, I don't have a problem with it so I'll leave it all to you.  You can ask Judge Hamilton to do it or you can simply execute the required consent in both cases and then request it to be re-assigned to me.

**Parties' Transcript of Court's Recording from October 23, 2007 Settlement Conference
Before the Hon. Bernard Zimmerman**

**Page 4 of 12**

**Mr. Richard Jackson:**  Addressing the Court's last point on the details, I think it's going to take time on the details of separating the two businesses, transferring the phone number, and the, you know, appropriate relationships and arrangements for all the transferred customers.

**Judge Zimmerman:**  Well, but how much time?  Who's going to draft the document?  That's what I'm trying to figure out.

**Mr. Zaif:**  I will, Your Honor.

**Judge Zimmerman:**  Okay, Mr. Zaif will draft the document.

**Mr. Richard Jackson:**  When you say the release, do you mean the entire settlement?

**Mr. Zaif:**  Are we envisioning two separate documents?

**Judge Zimmerman:**  Make it one agreement, I don't know.

**Mr. Donovan**:  I think it should be one agreement.

**Judge Zimmerman:**  Sometimes there's a business necessity to have a, what I would call, a dissolution document which is other than the settlement agreement.  You may have business reasons, you may need to show something to somebody; I don't know, I don't really care.  About, look, I'll just leave it for Mr. Zaif to try drafting one, you can always break something out in two. What are we talking about, Ten days, two weeks?

**Mr. Zaif:**  Two weeks

**Judge Zimmerman:**  Two weeks.  Okay.

**Mr. Zaif:**  That's a very good point.  For some reason if we have to show it to somebody, not have the terms of this particular settlement disclosed, so the fact that two people are no longer in business can be just a business deal contract, whereas the exchange of funds and all the rest that may be a legal matter we don't want to make public.

**Judge Zimmerman:**  So, two weeks for Mr. Zaif to draft the documents.  I'll give you two weeks to either execute them or negotiate any changes.  So the goal is that within 4 weeks, 28 days, 30 days, some period of time like that the settlement documents will be executed.  At that point you can also execute the consents and follow the request to Judge Hamilton, I'll notify her this is coming, that the case is being reassigned to me.  And then just make sure that the releasing document indicates that the court retains jurisdiction for of course the settlement, for 18 months.

**Parties' Transcript of Court's Recording from October 23, 2007 Settlement Conference**
**Before the Hon. Bernard Zimmerman**

**Page 5 of 12**

**Mr. Donovan:**  And Your Honor, would that motion or whatever, the process in front of Judge Hamilton be by motion to transfer to you, is that a standard form?

**Judge Zimmerman:**  I think you can just stipulate.  The consent forms you can get those off the machine,

**Mr. Donovan:**  Yes

**Judge Zimmerman:**  I would say if you just file a stipulation saying the parties stipulate that these two cases shall be transferred to Magistrate Judge Zimmerman and they've consented to his jurisdiction, and it is so ordered.  I think that's all you need.  And as I say, I will alert her to the fact that this is coming.  Alright, let me then just turn it back over to Mr. Donovan, do you have anything you with to add or clarify to the terms of the settlement that I've put on the record?

**Mr. Donovan:**  Only, Your Honor, as we've discussed before, that the separation, that the parties both agree to separate their business, the details of that separation we're going to agree will be put in the paper that we've agreed upon, that's obviously significant to the Plaintiff, I think the terms recited are correct.

**Judge Zimmerman:**  Alright, anything you wish to add or clarify Mr. Zaif?

**Mr. Zaif:**  Clarifications of lawyers only cause problems, I just want to make sure that we sort of have a two-week, two-week understanding regarding the finalizing the documents.  Is that supposed to coincide with the actual finalizing of the termination activities or will the documents…

**Judge Zimmerman:**  I think the agreeable time frame should be in the documents.

**Mr. Zaif:**  …in the documents.  In other words it isn't necessarily that everything that has to happen to terminate this relationship has to be completed at the closing, so to speak.

**Judge Zimmerman:**  Well, no, but I think at the same time we don't want this thing to be dragging on for too long.

**Mr. Zaif:**  No, no, we don't.

**Judge Zimmerman:**  Why don't we just say, how much time, what I was told earlier was that as a practical matter what it will take is a phone call to a service provider saying, switch the calls to this number.

**Parties' Transcript of Court's Recording from October 23, 2007 Settlement Conference
Before the Hon. Bernard Zimmerman**

**Page 6 of 12**

**Mr. Donovan**:  We have the transfer of the phone, the 877 number, that I understand will be done forthwith and then you and I can work on the rest of the details.

**Mr. Zaif:**  Okay, sure.

**Judge Zimmerman:**  So, let's make it as a goal, then, that when by the time, concurrently with the signing of the settlement documents, the transfer of the phone number will be accomplished.  It'll be no later than 28 days, or earlier.

**Mr. Dorfman:**  There's no reason it can't be done now.

**Judge Zimmerman:**  Well, because then what happens is if for some reason the settlement doesn't go through, I don't think it won't, then they would have to undo something.  So, I think we need to

**Mr. Jackson:**  And besides that, I'm not really sure what's involved with that.  I don't want to sit here and commit that anything can happen, and any, a reasonable time frame but I don't know what's involved in the severing of the relationship.  We've been doing work and have had these clients for a long time, I want to do it, do it right and do it thoroughly, but I'm not sure of the time frame.

**Judge Zimmerman:**  Well, but I think this, to accommodate Mr. Dorfman's concerns, I mean some things may take a while for example, there may have to be some kind of accounting at the end of it all that will be necessary, you may not be able to do it in a week or two.  But, I think that from the perspective of his desire, which is to, is a big motivation in getting this settlement accomplished so that he can move on with his business I think the phone doesn't have to wait, for example, some of the other details that may take some time to do like if there's necessity for a final accounting.

**Mr. Zaif:**  I want to make sure that in the separation process nothing occurs from somebody alleges for grounds for any fresh complaints, we want to do this in a way that's clean.  That's in everybody's interest.

**Mr. Dorfman:**  There's no reason why a phone call to Sprint can't be made to say here's Dorfman's signed papers, you know, already just transferring, pursuant to the terms of the original agreement; the phone number is my number.  There's no reason why it can't be transferred from his account to my account now.  There's no reason to wait for anything …

**Parties' Transcript of Court's Recording from October 23, 2007 Settlement Conference Before the Hon. Bernard Zimmerman**

**Page 7 of 12**

1  **Judge  Zimmerman:**  Well, the problem we're having is if it turns out the settlement we have here,

2  for whatever reason, it's hard for me to conceive of what it would be, doesn't go through then it

3  would have to be re-done.

4  **Mr. Dorfman:**  Even if the settlement didn't go through it's still my number by virtue of the...

5  **Judge Zimmerman:**  Well, I don't know....

6  **Mr. Jackson:**  I'm not transferring anything until the settlement signed.  We don't even know what

7  this entails yet.  So we're going to have to wait to see what's involved in doing this.  We're not

8  going to rush forward and do something, and then like as Sam says, get cross ways (inaudible).

9  **Judge Zimmerman:**  It's been over 8 years, I think we're on a fairly short time frame, 28 days, I

10  think, let's just make sure it gets done in the 28 days.  Anything else anyone wishes to add or clarify.

11  I understand that there's going to have to be terms worked out for the dissolution but the essential

12  terms of the settlement we've put on the record.  Is there anything else anyone wishes to add?

13  **Mr. Jackson:**  Let me clarify a couple of things judge, as I understand it what a part of the

14  settlement is that we're terminating any existing contract between the parties?

15  **Judge Zimmerman:**  That's correct.

16  **Mr. Jackson:**  And another thing is, I would want a term in the settlement documentation that it's all

17  being kept confidential and it's not being disclosed to outside parties.

18  **Mr. Zaif:**  The terms of the settlement.

19  **Judge Zimmerman:**  Let me just make sure that people understand what I understand by that.

20  That's the financial part.  The fact that the case has been settled will be a matter of public record.

21  And as we discussed earlier, there may well be reasons why the parties will have to announce that

22  they have reached, you know the fact is the settlement will be known to people.  What I suggest is

23  the attorney's draft up a short piece of paper, simply announcing the fact that the parties have

24  amicably resolved their differences, and you know in the future iDictate will be iDictate, and so on

25  and so forth.  But, the terms of the settlement, you know the financial terms, are, if the parties agree

26  to confidentiality, what that means is it can be disclosed to lawyers, financial advisors, tax

27  accountants, etc. to members of real immediate family, people who know about this litigation, you

28  know if you're married and the wife says "what happened", and response to court orders and

**Parties' Transcript of Court's Recording from October 23, 2007 Settlement Conference**
**Before the Hon. Bernard Zimmerman**

**Page 8 of 12**

1  process.  Otherwise, financial terms of the settlement are confidential.  At least, I want you to

2  understand what I mean and the question now is, with that understanding, is that acceptable to Mr.

3  Dorfman?

4  **Mr. Dorfman:**  Confidentiality is both ways by the way; he needs to keep it confidential.

5  **Mr. Donovan:**  The only problem obviously agreeing with confidentiality terms is that we don't

6  have the terms in front of us but the concept you articulate is not problematic.

7  **Judge Zimmerman:**  Just so that I'm clear, it's $30,000 times 18 okay, that's what's being kept

8  confidential.  The fact that you've agreed to sever the relationship, that the lawsuits will be

9  dismissed at the end of 18 months, that's not confidential, that's going to be in the public record.

10  Okay?

11  **Mr. Jackson:**  We'll work on language and see if that's acceptable.

12  **Mr. Donovan:**  I think that's right.

13  **Mr. Dorfman**:  When this is over, I just want it to be over.

14  **Mr. Jackson:**  Ditto.

15  **Judge Zimmerman:**  It looks to me like confidentiality agreement I saw Mr. Dorfman starting to

16  say this, it's agreeable in principal, the parties just have to work out the language.  I can tell you

17  right now if you have difficulty with the language, I know what it means.  I know.  Anything else

18  anybody wishes to add or clarify?

19  **Mr. Jackson:**  One other thing I think we ought to clarify Judge, since you mentioned it a couple of

20  times, there's really no, no part of the settlement that will involve any accounting or anything of that

21  sort.  What all the parties are going to do is reach this agreement, negotiate terms that are satisfactory

22  to everybody. And then that's it, we're done with each other.

23  **Judge Zimmerman**:  Well, I don't know exactly sort of what your business is, I'm guessing that

24  part of what Mr. Dorfman's thinking is that the longer this goes on, the more his customer's continue

25  to be run through and so on and so forth.  That's what I was saying, I don't know whether there's

26  going to be a need for any accounting.

27  **Mr. Zaif**:  I think we don't agree to any accounting.

28  **Mr. Jackson**:  Well, I think we agreed to an accounting, we agreed to $30,000 for 18 months.

**Parties' Transcript of Court's Recording from October 23, 2007 Settlement Conference**
**Before the Hon. Bernard Zimmerman**

**Page 9 of 12**

1 **Judge Zimmerman:**  Alright.  Well, then the question then arises maybe Mr. Dorfman's concerns

2 are becoming more immediate.

3 **Mr. Zaif:**  Well, we can push the document faster.

4 **Judge Zimmerman:**  Fine, the point is, tomorrow, if he settled his claim and obviously you're

5 continuing to make money.  What he's saying is he wants to get his old customer's back as soon as

6 he can.  That's why he's saying why can't we do it in the next day or two.  I understand your

7 concerns, but it just seems to me that if we're not going to have some way of accounting for what's

8 going to happen in the next couple of weeks then we need to use our efforts to accelerate the process

9 as soon as possible.

10 **Mr. Donovan:**  That's right.

11 **Judge Zimmerman:**  Is that what we think is right – 2 weeks?

12 **Mr. Jackson:**  Well, there's two parts to this, 2weeks and there's the accounting issue.

13 **Mr. Zaif:**  That' right, just start drafting.

14 **Mr. Jackson:**  What's involved in canceling the accounts we have for your clients?

15 **Mr. Dorfman:**  I'm not sure I understand.

16 **Mr. Jackson:**  What's involved, what will have to be done, to cancel the accounts we have for your

17 clients?  You don't know, neither do I, that's part of the problem.

18 **Mr. Dorfman**:  We're talking about that, when they log in or something, are they given a password,

19 are they shut out completely?  What happens if they log in, right now they're logging into my site.  If

20 they call on the phone, they're talking to Mr. Jackson.

21 **Mr. Zaif:**  So, anybody who accesses the system by computer is bypassing the telephone switch

22 already?

23 **Mr. Jackson:**  That's correct.

24 **Mr. Donovan:**  It's just the transfer of that number, which I understand your caution about because

25 you don't know what's involved, and on the other side I think it's going to be very much simpler.

26 We need to discover that together.

27 **Mr. Jackson:**  I just don't want to agree to something, particularly when it comes to some of the

28 technical details like what it takes…

**Parties' Transcript of Court's Recording from October 23, 2007 Settlement Conference**
**Before the Hon. Bernard Zimmerman**

**Page 10 of 12**

1   **Mr. Dorfman:**  I do want to bring something up, if we can put it on the record.

2   **Judge Zimmerman:**  Sure, put it on the record,

3   **Mr. Dorfman:**  We might as well.  The 877 dictate number that we're talking about, without getting

4   into too much technical lingo about how the ownership and use of these toll-free numbers works,

5   there is a, what might be considered a cloud on the title of the ownership of the number, by virtue of

6   the cloud the routing involved by providing to the appropriate departments of the FCC

7   documentation to show that this number was used for me, by me, over the last 8-9 years.  So, to

8   translate that into English, we need the statements from the phone company to provide to the FCC,

9   to show that we've been using this number consistently and non-stop from the beginning.

10   **Mr. Jackson:**  Okay…

11   **Mr. Dorfman:**  So, I just wanted to make sure.

12   **Mr. Jackson:**  Statements from my phone company?

13   **Mr. Dorfman:**  It could be just the cover page and the page showing the 877 iDictate charges. It

14   doesn't even have to be individual calls.

15   **Mr. Jackson:**  You can put that in the settlement we'll see, I don't know.  There are things we are

16   not going to want to disclose, we have no interest in trying to stop you in doing the things that are

17   legitimate, but I don't know enough about it to respond to it.  Put it in the settlement stuff and we

18   can talk about it.

19   **Judge Zimmerman:**  Anything else anybody wishes to put on the record?  Alright Mr. Dorfman

20   you've heard all the terms of the settlement, did you understand the terms?

21   **Mr. Dorfman:**  Yes, I did.

22   **Judge Zimmerman:**  Any questions?

23   **Mr. Dorfman:**  No further questions.

24   **Judge Zimmerman:**  On behalf of yourself personally and Adept of San Francisco, are you

25   prepared to settle the case on those terms?

26   **Mr. Dorfman:**  Yes, I am.

27   **Judge Zimmerman:**  Mr. Jackson, you've heard us put the terms of the settlement on record?

28   **Mr. Jackson:**  Yes, Sir

**Parties' Transcript of Court's Recording from October 23, 2007 Settlement Conference**
**Before the Hon. Bernard Zimmerman**

**Page 11 of 12**

1  **Judge Zimmerman:** And you understood those terms?

2  **Mr. Jackson:** Yes, Sir

3  **Judge Zimmerman:** Any questions?

4  **Mr. Jackson:** No, Sir

5  **Judge Zimmerman:** On your personal behalf and on behalf of the Druid Group are you prepared to

6  settle the case on those terms?

7  **Mr. Jackson:** Yes.

8  **Judge Zimmerman:** Then as far as I'm concerned we have a settlement. I will, as I said, notify

9  Judge Hamilton that we've reached a settlement, the parties will be working on it and that they will

10  be requesting that she reassign the case to me for continuing jurisdiction purposes. Unless anybody

11  has anything else they want to put on the record, I'll adjourn the record. Let me thank you all for

12  working real hard. You started off way apart, but I think you'll be very happy that you got it done

13  and move on with your lives. We're adjourned.

14

15                              **RATIFICATION**

16        The undersigned hereby ratify the terms contained within the foregoing Parties' Agreed

17  Transcript of the Court's Recording from the October 23, 2007 Settlement Conference held herein

18  before U.S. Magistrate Judge Zimmerman of this Court.

19

20

21

22  Lee J. Dorfman, individually and doing          Richard Jackson
    Business as Adept of San Francisco, dba
23  iDictate

24  5-9-08

25  Date                                            Druid Group, Inc.

26

27                                                  Date

28

**Parties' Transcript of Court's Recording from October 23, 2007 Settlement Conference**
**Before the Hon. Bernard Zimmerman**

**Page 12 of 12**

Law Offices of Michael C. Donovan
Los Altos, CA • Washington, D.C.

Date

1  **Judge Zimmerman:**  And you understood those terms?

2  **Mr. Jackson:**  Yes, Sir

3  **Judge Zimmerman:**  Any questions?

4  **Mr. Jackson:**  No, Sir

5  **Judge Zimmerman:**  On your personal behalf and on behalf of the Druid Group are you prepared to

6  settle the case on those terms?

7  **Mr. Jackson:**  Yes.

8  **Judge Zimmerman:**  Then as far as I'm concerned we have a settlement.  I will, as I said, notify

9  Judge Hamilton that we've reached a settlement, the parties will be working on it and that they will

10  be requesting that she reassign the case to me for continuing jurisdiction purposes.  Unless anybody

11  has anything else they want to put on the record, I'll adjourn the record.  Let me thank you all for

12  working real hard.  You started off way apart, but I think you'll be very happy that you got it done

13  and move on with your lives.  We're adjourned.

14

15  ### RATIFICATION

16  The undersigned hereby ratify the terms contained within the foregoing Parties' Agreed

17  Transcript of the Court's Recording from the October 23, 2007 Settlement Conference held herein

18  before U.S. Magistrate Judge Zimmerman of this Court.

19

20

21  _____        _____

22  Lee J. Dorfman, individually and doing        Richard Jackson
   Business as Adept of San Francisco, dba

23  iDictate                                                5\15\08

24                                                          Date

25  _____        _____

26  Date                                                    Druid Group, Inc.

27                                                          5\15\08

28                                                          Date

_____

**Parties' Transcript of Court's Recording from October 23, 2007 Settlement Conference**
**Before the Hon. Bernard Zimmerman**

Page 17 of 17

Law Offices of Michael C. Donovan
Los Altos, CA ∗ Washington, D.C.